IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DESHAZO | § | |
| v. | § | Civil Action No. 5:22cv114-RWS-JBB |
| BOWIE COUNTY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Christopher Deshazo, proceeding *pro se*, filed this lawsuit complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. Plaintiff's Complaint**

After review of the original complaint, the Court ordered Plaintiff to file an amended complaint setting out a short and plain statement of his claims, as required by Fed. R. Civ. P. 8. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). The Court's order specifically directed that Plaintiff: (1) furnish a concise statement of each of the claims he wishes to raise, together with specific facts rather than conclusory allegations; (2) the individual or individuals whom he wishes to name as defendants; (3) a statement showing how each named defendant is involved with the facts giving rise to the lawsuit; (4) the harm which Plaintiff suffered as a result of the facts forming the basis of the lawsuit; (5) the specific relief sought; and (6) whether or not Plaintiff had exhausted all available administrative remedies prior to filing suit. (Dkt. No. 8).

Plaintiff complied with this order on September 30, 2022, and his amended complaint (Dkt. No. 12) is the operative pleading in the lawsuit. An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and

adopts or incorporates by reference the earlier pleading, which Plaintiff's amended complaint does not. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006). Plaintiff's amended complaint names as defendants Bowie County, the Bowie County Sheriff's Department, the Bowie County Correctional Center, Turn Key Medical, and an individual whom he identifies as Jail Administrator Wilson.[1]

Plaintiff states that he has filed numerous grievances concerning the conditions of confinement in the jail, but these have gone unanswered. According to Plaintiff, he sent complaints to the Texas Commission on Jail Standards and the Commission has conducted two inspections in the past six months, both of which Plaintiff says that the Bowie County Jail Annex failed. After citing incidents of alleged officer misconduct in which other inmates were injured, Plaintiff complains that the jail administration allows controlled substances to flow freely through the facility, with the cooperation of officers.

Plaintiff next complains of the condition of the jail, saying that the drop ceiling on Alpha Deck is falling down, the roof leaks when it rains so the Bravo Deck segregation area floods, and there is a hole in the roof on B-4 Pod so large that inmates have been caught wandering around on the roof by pushing the rusting cell bars apart and going out the hole. In August of 2022, the freight elevator went down and inmates had to carry trays up and down the stairs for three meals a day, causing two inmates to be injured and hospitalized for slipping and falling with stacks of trays.

Plaintiff asserts that grievances on these subjects are never seen again, while grievances on simple matters such as triple A batteries or toilet paper are answered. He says that the administration hopes everyone keeps doing drugs so that the administration can keep collecting funds from the state budget, not fixing anything, and hoping that no one files a lawsuit.

---

[1] The Court is aware from prior cases that during this time period, Joseph Wilson was the warden of the Bowie County Correctional Center, while Bob Page had the title of jail administrator. Plaintiff refers to the warden in the body of his complaint and so the Court will presume that he intended to sue Warden Wilson.

Plaintiff states that he was arrested on May 26, 2022 and contracted Covid-19 on July 2, 2022, along with 20 other inmates. He says that twelve of the inmates were so sick as to require hospitalization. He states that he was throwing up before anyone came to test him for Covid-19. After numerous attempts to alert the guards, a nurse told him to fill out a sick call request and wait for sick call, which was twice a day. According to Plaintiff, 10 hours after his request was put in, he was moved to isolation.

However, Plaintiff complains that isolation for the 12 inmates who required hospitalization was in the lower part of the jail in A-3 Alpha Deck, which had been abandoned in February of 2022 because of the maintenance condition. According to Plaintiff, the ceiling was falling down, none of the plumbing except for one toilet worked, and there were no showers or urinals. No brooms or mops or chemicals were provided during the ten days that he remained there, and the only time he saw any people were a guard at mealtime and a nurse twice a day during pill call. Plaintiff says that all of the inmates there filed grievances but no one received anything back, although they were told verbally that there was no money in the budget to hospitalize them.

Plaintiff complains that inmates hold positions of power over other inmates and the guards are not running the jail. He says that the warden is not completely at fault, but being the boss has perks as well as responsibilities. He again asserts that controlled substances are being allowed in the jail and says that this creates a dangerous situation. Plaintiff claims that about one-half of the 500 inmates in the jail annex are on a multitude of drugs on a daily basis and overdoses are common. He also says that there are at least two cell phones on each pod, and he knows of five major drug dealers on Bravo Deck who are running the drug trade in in the jail with the full knowledge, and sometimes participation, of security staff.

Plaintiff contends that the conditions of confinement in the jail are such that everyone is in danger of death or injury. He says that the medical department consists mostly of bandages, aspirin, and icepacks, and inmates have to be close to death or threaten a lawsuit to see a hospital.

Plaintiff also complains about the circumstances of his criminal case, saying that he was arrested by the Texarkana police department on May 26, 2011, for possession of less than one gram of a controlled substance. Bond was set the next day, and he was assigned a public defender named Clint Allen. On July 1, 2022, Plaintiff had a two-minute phone call with counsel in which he was offered a probation deal for a court date on July 6. Plaintiff says that he contracted Covid-19 the next day and was not allowed to attend video court due to being quarantined; however, he says that video court was brought into existence for the Covid-19 pandemic and there was no reason he could not attend just because he was quarantined. He states that he wrote letters and placed phone calls to counsel over the next several days, but these went unanswered and unreturned.

Plaintiff states that he sent motions to the court on July 15, 2022, asking to represent himself and have the public defender removed from his case, as well as for a bond reduction. On July 18, he wrote to the district attorney, the public defenders' office, and Allen telling them about his request to represent himself. On August 5, 2022, Plaintiff called the public defenders' office for an update and was told he had been indicted the day before. According to Plaintiff, an authorized member of the sheriff's department is supposed to bring a copy of the indictment to the jail for signature and service, but that has not happened. Plaintiff again sent a motion for a bond reduction on August 19, 2022.

According to Plaintiff, as of September 26, 2022, he has not had a single court date since his arrest. Plaintiff states counsel has not responded to him, and the courts have not acted on any of his motions. Plaintiff contends that this is a common occurrence and many other inmates are treated the same way, adding that the only matter which the courts act upon quickly are revocations of misdemeanor and state jail felony probations. According to Plaintiff, this is done so that the probationers can be sentenced to 365 days, in order to make $130-150 a day with no questions on the state budget.

For relief, Plaintiff asks that he removed from the correctional center until the county is ready to deal with his criminal case, that the facility be required to adhere to the laws governing institutions by the Texas Jail Standards Commission or be shut down until something new is built,

and the jail administration be brought up on criminal charges or reprimanded for crimes and neglect of duty, for the federal court to appoint counsel in his state criminal case, and for nominal, compensatory, and punitive damages.

## II. Discussion

A. Screening Standards

Twenty-eight U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are given the benefit of liberal construction, such litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). This means that the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be

able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*.

B. Application of the Standards to Plaintiff's Claims

Plaintiff's primary complaint concerns the conditions of confinement in the Bowie County Jail Annex, including allegations that the ceiling is falling down, the roof leaks and has a hole in it, and he and other inmates with Covid-19 were confined to an isolation area with a damaged ceiling, mostly broken plumbing, and no cleaning supplies. However, he does not allege that he suffered any harm as a result of these alleged conditions.

Plaintiff was a pre-trial detainee during the period of time covered by his lawsuit. Consequently, his claim invokes the protections of the Fourteenth Amendment. The standard is the same as for a prisoner under the Eighth Amendment. *Schrader v. Ruggles*, No. 20-11257, 2021 U.S. App. LEXIS 20143 at *6, 2021 WL 2843848 (5th Cir. 2021) (citing *Cadena v. El Paso County*, 946 F.3d 717, 727 (5th Cir. 2020)); *see also Duvall v. Dallas County, Texas*, 631 F.3d 203, 207 (5th Cir. 2011) (in order for a pretrial detainee to prevail on a conditions-of-confinement claim, the plaintiff must show (1) a rule or restriction, the existence of an identifiable condition or practice, or that the jail officials' acts or omissions were sufficiently extended or pervasive, (2) which was not reasonably related to a legitimate governmental objective, and (3) which caused the violation of the plaintiff's constitutional rights).

In order to show a constitutional violation in a conditions of confinement claim, the harm suffered from the alleged violation must be more than *de minimis*. *Cruz v. Chapa*, Civil Action No. 2:23-CV-00153, 2023 U.S. Dist. LEXIS 167276 at *17, 2023 WL 6131457 (S.D.Tex. 2023), *report and recommendation adopted at* 2023 U.S. Dist. LEXIS 166105, 2023 WL 6129513 (S.D.Tex. 2023) (citing *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1993)); *Mayes v. Travis State Jail*, Civil Action No. 1:06cv709, 2007 U.S. Dist. LEXIS 47317 at *12, 2007 WL 1888828 (W.D.Tex. June 29, 2007) (prisoner seeking to recover damages on a conditions of confinement claim must establish a physical injury which is more than *de minimis*), *report and recommendation*

7

*adopted* August 16, 2007, *subsequently aff'd*, No. 07-51086, 2008 WL 4657078 (5th Cir. Oct. 22, 2008).

The Court's order to file an amended complaint setting out a short and plain statement of his claims specifically directed Plaintiff to include "the harm which Plaintiff suffered as a result of the facts forming the basis of this lawsuit." Dkt. No. 8, p. 2. Plaintiff's allegations concerning the conditions of confinement in the Bowie County Jail fail to state a claim upon which relief may be granted.

Similarly, Plaintiff complains that inmates exercise power over other inmates, drugs are rampant in the jail, drug dealers practice their trade with the knowledge and cooperation of security staff, and the available supplies in the medical department are inadequate. He does not allege that he suffered any harm as a result of these circumstances. Consequently, these allegations likewise fail to state a claim upon which relief may be granted.

While Plaintiff states that he contracted Covid-19, he does not contend that the contracting of this illness was the result of the conditions of confinement of which he complains. Plaintiff does not point to any other harm or injury which he suffered during his confinement in the jail. Nor does he furnish any facts concerning his treatment for Covid-19; although he states at one point that the inmates in isolation were told by some unknown person that they could not be hospitalized because there was no money in the budget for that, he also says that his accusations can be verified by jail standards reports, jail records, and records from the local hospital room. In the absence of any facts in this regard, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff lists other inmates whom he says suffered harm, including a prisoner named Christopher Rose who committed suicide by hanging and was not discovered for an hour or more; an inmate named Millcan whom Plaintiff says was the victim of an assault by other inmates, facilitated by two officers, for interfering with a drug deal; an inmate named Harris who was assaulted by another inmate, facilitated by an officer; two unknown inmates who were injured and hospitalized for slipping and falling with stacks of trays; and unknown inmates who have suffered

drug overdoses. However, Plaintiff lacks standing to assert the constitutional rights of other inmates. *See Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) (litigants must prove a constitutional violation of their personal rights and not the rights of others); *Resendez v. Texas*, 440 Fed. Appx. 305, 306 (5th Cir. 2011).To the extent Plaintiff asserts the constitutional rights of others, he has failed to state a claim upon which relief may be granted.

While Plaintiff contends that the Bowie County Jail has failed inspections by the Texas Commission on Jail Standards, the Fifth Circuit has explained that a violation of state jail standards is not *per se* a violation of the Constitution because state standards do not establish federal constitutional standards. *See Balli v. Haynes*, 804 F.2d 306, 308 (5th Cir. 1986). This contention fails to state a claim upon which relief may be granted.

Plaintiff complains that grievances on the jail conditions are not answered, while grievances on matters such as batteries or toilet paper are answered. The Fifth Circuit has held that prisoners have no protected liberty interest in either the adequacy or the result of prison or jail grievance procedures. *Smith v. Horton*, 670 Fed. Appx. 872, 873 (5th Cir. 2016) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)); *Morris v. Cross*, 476 Fed. Appx. 783, 785 (5th Cir. 2012). Plaintiff's complaint about the grievance procedure fails to state a claim upon which relief may be granted.

Finally, Plaintiff complains of the circumstances of his prosecution, including the failure to set his case or to allow him to attend court and the refusal of court-appointed counsel to contact him. He does not name any of the court officials, or his public defender, as defendants in the lawsuit; of the named defendants, only Bowie County could reasonably be considered as a defendant for this claim. However, the Fifth Circuit has held that in order to recover a judgment against a local governmental entity such as a county, the plaintiff must show a deprivation of his constitutional rights as a result of some official policy, practice, or custom of the governmental entity. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). A local judge acting in his judicial capacity is not considered a local government official whose actions are attributable to the county. *Kruger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *Burks v. Price*, Civil

Action No. 6:13cv746, 2015 U.S. Dist. LEXIS 74720 at *24, 2015 WL 3622684 (E.D. Tex. June 10, 2015), *aff'd*, 654 Fed. Appx. 670 (5th Cir. 2016). Thus, Plaintiff cannot hold Bowie County liable for the actions of the judge presiding over Plaintiff's case.

The public defender, Clint Allen, is not a state actor for purposes of § 1983 liability. *Calzada v. Zarate*, No. 23-50361, 2023 U.S. App. LEXIS 32422 at *4, 2023 WL 8470634 (5th Cir. 2023) (citing *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). This is because as counsel for Plaintiff, Allen served as Plaintiff's agent rather than as an agent of the state. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). As such, Bowie County cannot be held liable for Allen's actions.

Bowie County's on-line judicial records show that Plaintiff was convicted on his plea of guilty to the offense of possession of a controlled substance on October 27, 2022. He was placed on probation, but this was later revoked and he was sentenced to 16 months in state jail.

To the extent Plaintiff's complaints about the criminal proceedings implicate the validity of his conviction, he cannot seek damages on such complaints until such time as he shows that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Plaintiff has made no such showing at this time, he cannot proceed on any claims which could implicate the validity of his criminal conviction.

C. The Named Defendants

Although Plaintiff names the Bowie County Sheriff's Department and the Bowie County Correctional Center as Defendants, these entities are sub-units of Bowie County and have no separate jural existence apart from the county. *Rowe v. Bowie County Correctional Center*, Civil Action No. 5:13cv78, 2013 U.S. Dist. LEXIS 151165 at *2 (E.D.Tex. 2013). As such, the Bowie County Correctional Center and Sheriff's Department cannot be sued in their own names. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege, much

less show, that the true political entity, Bowie County, has taken explicit steps to grant the correctional center or the sheriff's department jural authority, meaning that the correctional center and the sheriff's department cannot engage in any litigation except in concert with the county itself. *Id.*; *see also Barrie v. Nueces County District Attorney's Office*, 753 Fed. Appx. 260, 264 (5th Cir. 2018); *Goodnight v. Rains County Sheriff's Department*, Civil Action No. 6:13cv96, 2013 U.S. Dist. LEXIS 80946 at *2, 2013 WL 2551879 (E.D.Tex. 2013). Because the Bowie County Correctional Center and the Bowie County Sheriff's Department have no separate jural existence and are not suable entities, Plaintiff has failed to state a claim upon which relief may be granted against these Defendants.

Plaintiff also named Turn Key Medical, the private corporation which furnishes medical care to Bowie County inmates, as a defendant. A private company which has been contracted to provide medical services for a county jail is treated as a municipal or local government entity for purposes of 42 U.S.C. §1983, and therefore claims against such a company are analyzed under *Monell*, 436 U.S. at 694. *See Kibbey v. Collin County Detention Facility*, Civil Action No. 4:21cv799, 2023 U.S. Dist. LEXIS 48331, 2023 WL 2598666 (E.D.Tex. March 1, 2023), *report and recommendation adopted at* 2023 U.S. Dist. LEXIS 47060, 2023 WL 2593152 (E.D.Tex. March 20, 2023); *see also Valdez v. Corrections Corp. of America*, 263 F.3d 161, 2001 U.S. App. LEXIS 16279, 2001 WL 802698 (5th Cir. June 5, 2001). As such, Plaintiff must show a policymaker, an official custom or policy, and a violation of constitutional rights whose moving force is the policy or custom. *See Pierce v. Peterson*, Civil Action No. 22-5274, 2023 U.S. Dist. LEXIS 146948 at *4-5, 2023 WL 5383651 (E.D.La. August 22, 2023); *Guillotte v. Knowlin*, Civil Action No. 21-1422, 2021 U.S. Dist. LEXIS 256866 at *5-6, 2021 WL 7632004 (E.D.La. December 7, 2021). Plaintiff has not alleged any policy or custom on the part of Turn Key Medical which deprived him of a constitutional right, and as such, he has not stated a claim upon which relief may be granted against Turn Key Medical.

Plaintiff states that he is suing Warden Wilson for "breaking the laws governing jails and institutions of Texas. Dereliction of duty, failure to do the job for which he is assigned." Dkt. No.

12, p. 3. He says that "the warden is not totally at fault but being the boss has its perks and then its ultimate responsibilities." He says that "the guards are not running the jail, it is impossible being as short-handed as they are." *Id.* at 14.

Plaintiff's pleadings make clear that he is suing Warden Wilson because of his position as warden. This is a claim of *respondeat superior* liability, which is generally not applicable in §1983 cases. *Cash v. Rupert*, 777 Fed. Appx. 110, 110-11 (5th Cir. 2019) (citing *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002)). The Fifth Circuit has held that supervisors are not vicariously liable under § 1983 under any theory of supervisory liability for any actions or omissions by their employees. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. at 676 (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior).

Instead, a supervisor may be held liable only if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing that Warden Wilson affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts). Consequently, Plaintiff has failed to state a claim upon which relief may be granted against Warden Wilson.

The final defendant named by Plaintiff is Bowie County, the true political entity. In *Martinez v. Nueces County, Texas*, 71 F.4th 385, 389-90 (5th Cir. 2023), the prisoner, an inmate of

the Nueces County Jail, had medical problems involving his foot which ultimately resulted in the amputation of his toes. He sued Nueces County and Wellpath, LLC, the company which provided medical care for Nueces County inmates, contending that the county was liable because it "sanctioned the custom, practice, and/or policy or procedure of failing to protect and/or ignoring the serious medical needs of those entrusted to its care." He stated that the county acted with deliberate indifference to a substantial and known risk of harm, ignored his serious medical needs, and failed to impose proper and sufficient policies or procedures as to the screening, reassessment, and medical care of inmates, and training concerning this. The district court granted Nueces County's motion to dismiss.

On appeal, the Fifth Circuit observed that Nueces County cannot be held liable under 42 U.S.C. § 1983 unless the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *Id*. at 389 (citing *Monell*, 436 U.S. at 694). The court explained that a plaintiff may not recover against a municipality under theories of *respondeat superior* because the municipality itself must be responsible for the constitutional violation. In order to succeed, the plaintiff must show an official policy or custom, of which a policymaker can be charged with actual or constructive knowledge, and a constitutional violation whose moving force is the policy or custom. *Id*. (citing *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

The Fifth Circuit acknowledged that the plaintiff need not identify a written policy, but may point to similar incidents which are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. *Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009). The prisoner provided a list of examples to support his allegations that Nueces County had a policy of ignoring the serious medical needs of those entrusted to its care, but the Fifth Circuit held that the list of examples provided by the prisoner lacked similarity and specificity. The court explained that prior incidents cannot be for any and all bad or unwise acts, but must point to the specific violation in question; because the

13

prisoner's description of what happened to him was so vague, the court could not accept that the proffered examples were sufficiently similar to his own incident that the municipality could be found liable. *Martinez*, 71 F.4th at 389 (distinguishing *Bond v. Nueces County*, No. 20-40050, 2022 WL 4595000 (5th Cir. 2022)).

Likewise, Plaintiff's pleadings are insufficient to show that the alleged course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of county employees. Plaintiff has not alleged a constitutional violation in that he has not shown that he suffered any harm, and so he cannot show that a municipal policy or custom was the moving force behind a constitutional deprivation. *Mayes*, 2007 U.S. Dist. LEXIS 47317 at *12. In addition, his description of what happened to him lacks any allegation of harm and so like the Fifth Circuit in *Martinez*, this Court cannot accept that the examples he offers are sufficiently similar to his own claims that Bowie County can be held liable under a theory of municipal custom or practice. Plaintiff has failed to state a claim upon which relief may be granted against Bowie County.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 195A.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE